**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:25CV-P12-JHM**

**BARRETT LUDWICZAK**                                                            **PLAINTIFF**

**v.**

**THOMAS O'BRYAN CASTLEN *et al.***                             **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Barrett Ludwiczak filed the instant *pro se* 42 U.S.C. § 1983 action. This matter is before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF COMPLAINT

Plaintiff, an inmate at the Daviess County Detention Center, sues Daviess Circuit Court Judges Thomas O'Bryan Castlen and Joseph William Castlen, III, in their official and individual capacities. He also sues Nicholas Pike Goetz, an attorney, and James Thomas Ludwiczak, who he identifies as the president of Blasting and Mining Consultants, Inc.

Plaintiff states that he is a plaintiff in civil case in Daviess County Circuit Court against James Ludwiczak. He states that Judges Thomas Castlen and Joseph Castlen, III, have both been judges in his case. He alleges, "Both judges have ignored rules of the court, including rules of discovery, evidence and the constitutional bill of rights resulting in a egregious, flagrant deprivation of my rights to a fair jury trial." He asserts as follows:

> Both judges have precipitated a highly prejudicial departure from orthodox court procedures, depriving me of a fair and impartial trial. Both judges have exhibited deliberate indifference by refusing to hear my filed motions and have signed motions prepared by attorney for James Thomas Ludwiczak, Nicholas Pike Goetz. Both judge have consciously and recklessly disregarded Goetz's omissions and fraud upon the court beyond negligence and lack of due care.

Plaintiff describes rulings and other actions taken by the two judges which he alleges showed bias against him and violated his rights. He alleges that both judges had ex parte conversations with Goetz and other attorneys who are also biased against him. He further states, "Goetz defrauded the court by omitting the complete statute of fraud rules." Plaintiff alleges that Judge Thomas Castlen "signed a fraudulent WRIT OF POSSESSION allowing 'Theft by Court Order' against the property I have adverse possession of, by allowing my affidavit of adverse possession to be striken from the record. The order had no legal authority or case law to back it up."

As relief, Plaintiff requests that all orders signed by Judges Thomas Castlen and Joseph Castlen, III, be "dissolved" and that the judges be disqualified from future hearings; an "injunction of sale of property"; sanctions against Goetz and James Ludwiczak "for fraud on the court"; a new trial; and a stay of further hearings until he is released from incarceration.

## II.  LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers,*

*USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. *Goetz*

Goetz is an attorney who apparently represented an opposing party to Plaintiff in a civil case. It is firmly established that an attorney representing a party in a case does not act under color of state law for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Because Goetz is not a state actor, he cannot be sued under § 1983, and the claim against him must be dismissed for failure to state a claim upon which relief may be granted.

### B.  *James Ludwiczak*

James Ludwiczak, who is presumably a family member of Plaintiff's, is a person against whom Plaintiff was involved in civil litigation. The complaint gives no indication that James Ludwiczak is a state actor subject to suit under § 1983. Therefore, the claim against him will also be dismissed for failure to state a claim upon which relief may be granted.

### C.  *Judges Thomas Castlen and Joseph Castlen, III*

#### 1.  *Official-capacity claims*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Judges are state employees or officials. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. For these reasons, Plaintiff's official-capacity claims for monetary damages against Judges Thomas Castlen and Joseph Castlen, III, must be dismissed for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from such relief.

#### B.  *Individual-capacity claims*

Moreover, judges are entitled to absolute immunity from suit for all actions taken in their judicial capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that

"a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11. Judicial immunity can be overcome in only two situations—for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump*, 435 U.S. at 356-57. It is evident that the actions alleged in the complaint were in the scope of the judges' judicial capacity and not beyond either of their jurisdictional authority. As such, Plaintiff's claims against Judges Thomas Castlen and Joseph Castlen, III, in their individual capacities must be dismissed for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from such relief.

For these reasons, the Court will dismiss the action by separate Order.

Date:   June 12, 2025

*[signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.010